No. 7823

J. D. HALL
PLAINTIFF AND APPELLEE

VERSUS

ZION TRAVELER'S SECOND BAPTIST CHURCH OF SIXTH DISTRICT OF NEW ORLEANS
DEFENDANT AND APPELLANT

7823

22

-Dinkelspiel- J.

In order to properly understand the issues in this case *it is proper to refer to* ~~we first introduce~~ suit No. 115.504, Division 'A', filed February, 21st. 1916. This being on the identical note filed in this case, but the plaintiff in that case, a transferee, was one Isidore Singer and the suit was on an obligation for $229.45, as the assignee, and holder, and owner of the note in question which was dated october, 18th. 1915, payable on demand, at sixty days after its date to the order of Rev. J. D. Hall, Pastor, and bearing interest at the rate of eight per cent per annum from date until paid.

To this petition there was filed a plea; that defendant being an incorporated society, under laws and by-laws, pleaded, that the signors of the obligation, being the same as in the present suit, had no authority from the defendant to execute same. That plea was sustained by His Honor, Judge Cage.

Subsequently the present litigation in the name of the present plaintiff as holder and owner was instituted, and in addition to the allegation added the following; " If for any reason the Court should hold that said note is not binding upon said defendant, then petitioner avers that said note was given to represent an indebtedness by said Church to petitioner for services rendered and that said services were well worth the sum named."

The defendant filed various pleas amongst them one of res adjudicata, ~~another payment~~, another prescription , and finally the answer which denied in to to all claims of plaintiff. The Judge a quo decided to overrule all pleas, to let the evidence go in, and on that evidence and the pleas this case was finally determined.

24

The plaintiff in his own behalf testified substantially; that he was engaged as Pastor for defendant Church at $50. per month, during and within the time specified; that there was a balance due him to the amount stated and there were two credits on the obligation in question, one November 15th. that of $40. and one January 5th. of $13., and there remained a balance due him as claimed. His was the only testimony as to these payments.

The other witnesses, three of them, signors of the obligation endevored to prove payment for the entire amount, but in our opinion, absolutely failed so to do. Payment as such was not specially pleaded, but his Honor the Judge who tried this case in order to do justice, in our opinion, ~~and let the~~ and let the evidence go in to the effect, to which there was exception, but the whole case was tried upon it's merits finally and adjudicated in favor of plaintiff.

We are satisfied from. a careful investigation of this record that the Judge gave defendants every opportunity to prove if they could payments; every door was ~~widely~~ opened in order to substantiate each and every claim asserted but without avail.

So far as the law of the case is concerned our Supreme Court having frequently decided the question of res adjudicata; that where a suit was pending, another subsequently filed interruption of prescription was clearly had. See, Robinson Reports Vol. 1. p. 393. Bell vs. Mix. and authori -ties therein cited.

Our own Court in the case of Maurer vs. Vizard, 6 Court of Appeal, P.78, -Syllabus- "Where the claim sued upon in both suits are identical, neither error as to form of action nor the final rejection of the demand in the first suit will avoid interruption of prescription, which recom- -mences to run only from the cessation of interruption".

25

C. C. 3518, 3090, 3090.   " It is the judicial demand which interrupts prescription and it suffices if plaintiff has any color of right for himself and others." 116 La. 650, affirming 17 La. 315 and 41st. Ann.373.

A careful examination of both the facts and the law in this case satisfies us that the judgment rendered by the Judge a quo who saw and heard the witnesses was correct.

For the reasons herein assigned the judgment of the lower Court appealed from is hereby affirmed.

Judgment affirmed.